**In re Anonymous No. 21 D.B. 80**

Disciplinary Board Docket no. 21 D.B. 80.

To The Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

HARRINGTON, *Member,* May 18, 1981— Pursuant to the order of this honorable court, dated September 22, 1980, the board submits the following findings and recommendations.

## I. HISTORY OF PROCEEDINGS

In the United States District Court for the [    ], on February 26, 1980, respondent pleaded guilty to one count of conspiracy, act of June 25, 1948, 62 Stat. 701, 18 U.S.C.A. §371, to violation of section 441(c) of the Act of May 11, 1976, 90 Stat. 492, 2 U.S.C.A. §441(c) (dealing with soliciting campaign contributions from persons who sought to contract with departments or agencies of the United States).

On April 22, 1980, your honorable court entered an order directing the board to proceed in accordance with Pa.R.D.E. 214(c) and institute formal proceedings against respondent.

A petition for discipline was filed by Disciplinary Counsel charging respondent with violations of various Disciplinary Rules of the Code of Professional Responsibility. Subsequent thereto, respondent's attorneys petitioned your honorable court, citing respondent's poor physical condition and praying that respondent be transferred to inactive status.

On September 22, 1980, respondent was trans-

ferred to inactive status and by the same order of court, the board was directed to conduct an inquiry into the current medical condition of respondent.

## II. DISCUSSION

In Chief Justice Eagen's order of September 22, 1980, the only factual issue to be inquired into by the board is respondent's current medical condition and his ability to continue in the practice of law. Information relevant to the inquiry and available to the board included certain documents and records concerning the mental and physical condition of respondent relative to the criminal proceedings against him in the district court. The documents included medical reports from several physicians, who had examined respondent for the purpose of evaluating his competency to stand trial in the criminal proceeding. Those professional medical opinions are best summed up by a quotation from the memorandum opinion of honorable [   ], United States District Judge for the District of [   ], dated February 8, 1980.

"2. The defendant is 76 years of age. He was born on November 26, 1903. In 1962 he was surgically treated for cancer of the esophagus. In connection therewith, he has been treated for a hiatal hernia with recurrent esophagogastritis. These conditions are chronic and painful. He also suffers from elementary hypoglycemia, which occasionally causes fainting. He suffers from inflammation of the larynx which occasionally impairs his ability to speak. He has discogenic disease which involves the lumbar and sacral regions of the spine, as well as static instability of the knee joints. Following the defendant's first trial, he has been hospitalized for various physical ailments, namely, debilitation

secondary to the trial, for treatment of tinnitus, diverticulosis, removal of a cataract from his right eye, surgical removal of his gall bladder, for drug withdrawal and psychiatric evaluation, and for treament of ulcer disease in the [ ] Doctors Hospital.

4. The witnesses generally agreed that there had been a marked deterioration in the [respondent's] mental ability which manifested itself in the lack of speed with which he is able to read, understand, and retain the content of documents and relate the same to his counsel. This also exists insofar as his ability to follow the testimony of witnesses and discuss this with his counsel."

All of the examining physicians agreed that there was evidence of the effects of at least mild organic brain pathology and that he suffered much from anxiety and depression.

The board has reviewed and attaches as an exhibit to this report, a letter addressed to [A], one of respondent's attorneys, over the signature of [B], M.D., of [ ], [ ]. Dr. [B] has been [respondent's] personal physician for more than 15 years. It is the opinion of the Board and of Disciplinary Counsel, who has carefully attended to this matter that Dr. [B]'s evaluation of respondent's physical condition is an objective, professional opinion expressed by a thoroughly competent physician.

The board is of the opinion that no further medical examinations are necessary and that to engage physicians for that purpose would simply be a waste of the Board's resources since it is abundantly clear that respondent is not currently capable of returning to the practice of law and it is highly unlikely that respondent will sufficiently recover from his numerous medical and mental

maladies as to permit him to return to the practice of law in the foreseeable future.

## RECOMMENDATION

The board respectfully recommends to your honorable court that respondent, [   ], remain on inactive status for an indefinite period and until the further order of this court, all pending disciplinary matters shall be held in abeyance until further order of court.